PER CURIAM.
We do not believe that an extended opinion will contribute to the body of the law. However, since we are in personal sympathy with much of Judge Glickstein’s dissent, we comment only to avoid any impression that we are cruelly insensitive to the plight of children.
The only point on appeal is:
WHETHER THE COURT COMMITTED REVERSIBLE ERROR BY REQUIRING APPELLANT TO TESTIFY TO APPELLANT’S USE OF MARIJUANA, OVER TIMELY OBJECTION, WHEN SUCH EVIDENCE WAS NOT RELEVANT TO THE ISSUES BEING TRIED AND WHICH EVIDENCE PRESENTED THE DANGER OF UNFAIR PREJUDICE AND CONFUSION OF ISSUES?
The result in the trial court was that the child support was doubled and for lack of a record we cannot presume it would have been tripled or quadrupled, but for the pot smoking. There is simply no appellate way we can conclude that the trial judge abused his discretion by only doubling the support, especially since the adequacy of the increased award is not raised on appeal. Moreover, the adequacy of the original award was agreed to and never appealed. Borrowing from Judge Glickstein’s literary allusions set forth in his dissent, it is not our judicial function to go forth into the world and undo all wrongs. This court is not constituted to furnish a trial de novo. In order for us to be able to redress wrongs, they must at a minimum, be presented to us.
*1258 LETTS and DELL, JJ., concur.
GLICKSTEIN, J., dissents with opinion.